UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON JONES, | No. 2:13-cv-1379 JAM KJN P |
| Petitioner, | |
| v. | |
| MARION SPEARMAN, | ORDER |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his May 2, 2008 conviction, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and a request for appointment of counsel.

Petitioner has submitted a declaration that makes the showing required by Section 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Petitioner has not, at this juncture, made a showing warranting appointment of counsel. There is no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). While counsel may be appointed at any stage of a habeas proceeding, "if the interests of justice so require,"18 U.S.C. § 3006A; Rule 8(c), Fed. R. Governing § 2254 Cases, the court finds that the interests of justice would not be served by

1

appointment of counsel in this case at the present time, for the following reasons.

It is not clear that petitioner intended to file his pleading in federal court. The heading of the pleading indicates that it was intended for the California Supreme Court. (ECF No. 1 at 1.) Moreover, the court's review of that court's website indicates that petitioner may have previously sought only a direct appeal in that court, which was denied on September 21, 2011. If so, petitioner may be precluded from pursuing the instant petition because untimely under the applicable one-year statute of limitations and/or because petitioner has not first exhausted his state court remedies on the claim(s) he intends to pursue in this court.

A federal habeas petition must be filed within one-year after the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This period may be tolled for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim [was] pending. . . ." 28 U.S.C. § 2244(d)(2).

It appears, in the instant case, that petitioner sought only direct review of his state court conviction, which concluded with the California Supreme Court's denial of review on September 21, 2011. If so, that judgment became final ninety days later, on December 20, 2011, when the time for seeking review in the United States Supreme Court expired. Rule 13, U.S. Supreme Court Rules; Tillema v. Long, 253 F.3d 494, 498 (9th Cir. 2001); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). So construed, the instant federal petition, filed July 3, 2013, was filed more than one year after December 20, 2011, and would be barred by the one-year statute of limitations. If, however, petitioner filed one or more petitions for writ of habeas corpus (collateral review) in the state courts, the pendency of each "round" of petitions would toll the statute of limitations (in effect, extending the limitations period for the time during which the state petitions were pending).[1]

---

[1] "The period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled -- because it is part of a single round of habeas relief -- [only] so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010). "Only the time period during which a round of habeas review is pending tolls the statute of limitation; periods between different rounds of collateral attack are not tolled." Id., (citation omitted).

While the limitations period may also be equitably tolled if a petitioner can establish that he diligently pursued his rights but some extraordinary circumstance stood in his way. Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (citations and quotation marks omitted).[2] However, the petitioner must still demonstrate that he exhausted his state court remedies on each of the claims raised in his federal petition. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The only claim asserted in the instant petition is ineffective assistance of counsel by petitioner's appellant counsel, for failing to inform petitioner that his petition for review had been denied. (See ECF No. 1 at 6.) It appears that petitioner is raising this claim for the first time in this court. Moreover, the petition contains none of the claims (including ineffective assistance of counsel claims directed to trial counsel) that were apparently asserted on direct review.

For these several reasons, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis.

2. Petitioner's request for appointment of counsel is denied without prejudice.

3. Petitioner shall, within 30 days after service of this order, file a brief in this action that sets forth one of the following:

a. A request for voluntary dismissal of this action, without prejudice, so that petitioner may exhaust his state court remedies.

---

[2] "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. . . . The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." Lakey v. Hickman, 633 F.3d 782, 786 (9th Cir. 2011) (citations and internal quotation marks omitted). "That determination is highly fact-dependent and [petitioner] bears the burden of showing that equitable tolling is appropriate." Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). "A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." Bryant v. Arizona Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007) (citing Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2006)); see also Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005) (observing that in each of the cases in which equitable tolling has been applied the requisite "extraordinary circumstances" have been based on the "wrongful conduct" of another that "actually prevented the prisoner from preparing or filing a timely habeas petition").

      b.  An explanation why the instant petition should proceed in this court, by demonstrating the exhaustion of petitioner's state court remedies, and the timeliness of the instant petition.

      4.  Failure to timely respond to this order will result in a recommendation that this action be dismissed without prejudice.

      SO ORDERED.

Dated:  September 16, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jone.1379.103.mod