UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON JONES, | No. 2:13-cv-1379 JAM KJN P |
| Petitioner, | |
| v. | |
| MARION SPEARMAN, | ORDER |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order filed September 16, 2013, the court granted petitioner's application to proceed in forma pauperis, and directed petitioner to inform the court whether he chooses to: (a) request voluntary dismissal of this action, without prejudice, so that he can exhaust state court remedies; or (b) explain why the instant petition should proceed in this court, by demonstrating the exhaustion of state court remedies, and the timeliness of the instant petition. (See ECF No. 10.)

On September 30, 2013, petitioner filed a request that this matter continue in this court. (ECF No. 11.) Petitioner appears to assert that equitable tolling should apply to render timely the filing of his federal habeas petition after expiration of the one-year statute of limitations. See 28 U.S.C. § 2244(d)(1). Petitioner's conviction was affirmed on direct appeal by a decision of the California Court of Appeal on June 8, 2011. His petition for review was denied by the California

1

1  Supreme Court on September 21, 2011.  That judgment became final ninety days later, on
2  December 20, 2011, when the time for seeking review in the United States Supreme Court
3  expired.  Rule 13, U.S. Supreme Court Rules; Tillema v. Long, 253 F.3d 494, 498 (9th Cir.
4  2001).  Hence, absent equitable tolling, petitioner was required to file his federal habeas petition
5  within one year thereafter, on or before December 19, 2012.  However, his federal petition was
6  filed on July 3, 2013, more than six months later.  Petitioner states that his appellate counsel
7  failed to inform petitioner that the California Supreme Court denied review, despite petitioner's
8  repeated requests for information.  Petitioner states that his mother also made several attempts to
9  contact counsel, who ultimately informed petitioner's mother, on June 8, 2013, that the petition
10  for review had been denied the previous September.  Within the next month, petitioner filed the
11  instant federal petition.

12  Petitioner was informed by this court's prior order that "a petitioner is entitled to equitable
13  tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some
14  extraordinary circumstance stood in his way and prevented timely filing."  Lakey v. Hickman,
15  633 F.3d 782, 786 (9th Cir. 2011) (citations and internal quotation marks omitted).[1]  The Ninth
16  Circuit has "agree[d] with our sister circuits that 'a prisoner's lack of knowledge that the state
17  courts have reached a final resolution of his case can provide grounds for equitable tolling if the
18  prisoner has acted diligently in the matter.'"  Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)
19  (quoting Woodward v. Williams, 263 F.3d 1135, 1143 (10th Cir. 2001)).  Once petitioner has this
20  information, he must continue to exercise reasonable diligence in pursuing relief.  See, e.g.,
21  Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003) ("petitioner must also demonstrate that he
22  exercised reasonable diligence in attempting to file his habeas petition after the extraordinary

---

[1] Petitioner was also informed that the "determination is highly fact-dependent and [petitioner] bears the burden of showing that equitable tolling is appropriate." Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).  "A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." Bryant v. Arizona Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007) (citing Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2006)); see also Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005) (observing that in each of the cases in which equitable tolling has been applied the requisite "extraordinary circumstances" have been based on the "wrongful conduct" of another that "actually prevented the prisoner from preparing or filing a timely habeas petition").

circumstances began").

The undersigned finds, for present purposes only, that petitioner appears to have met these requirements for equitable tolling. Petitioner states that he and his mother repeatedly sought the pertinent information from appellate counsel, and expeditiously filed the instant petition upon learning that his petition for review had been denied. The court's provisional finding is without prejudice to respondent later filing a motion to dismiss on statute of limitations grounds, should respondent so choose, and will accord petitioner the opportunity to file an amended petition that sets forth the substantive claims he seeks to pursue in this action.

The instant petition must be dismissed, with leave to file an amended petition, for the following reasons. The current petition asserts two grounds for relief. "Ground One" asserts that appellate counsel failed to timely inform petitioner of the denial of his petition for review. However, "Ground One" is provisionally resolved by this order, and should not be reasserted in an amended petition. "Ground Two" consists only of the notation, "Please see Opening Brief – All Grounds 1-8" (ECF No. 1 at 6), and references an attached copy of the table of contents set forth in petitioner's petition for review before the California Supreme Court. However, each of the claims referenced in "Ground Two" must be separately asserted in an amended petition, with a brief statement of supporting facts. (Petitioner may make additional copies of page 5 of the form habeas petition for this purpose.) Petitioner may assert only those claims that were "fairly presented" to the state courts, and thus provided the California Supreme Court with an opportunity to rule on the merits. See Picard v. Conner 404 U.S. 270, 275, 277-78 (1971); Anderson v. Harless, 459 U.S. 4, 6 (1982); Batchelor v. Cupp, 693 f.2d 859, 862 (9th Cir. 1982).

Petitioner's renewed request for appointment of counsel is denied without prejudice, for the reasons stated in the court's prior order (see ECF No. 10 at 1-2), and because there is as yet no potentially cognizable petition.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's petition for writ of habeas corpus is dismissed with leave to file an amended petition within thirty days after service of this order.

////

     2. The amended petition must be filed on the form provided with this order, name the proper respondent, and state all claims and prayers for relief; in addition, the amended petition must bear the case number assigned to this action and the title "Amended Petition."

     3. Failure to timely file an amended petition will result in a recommendation that this action be dismissed.

     4. Petitioner's second request for appointment of counsel is denied without prejudice.

     5. The Clerk of the Court is directed to send petitioner the court's form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

SO ORDERED.

Dated: October 11, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jone1379.114.mod.