UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON JONES, | No. 2:13-cv-1379 JAM KJN P |
| Petitioner, | |
| v. | ORDER AND |
| MARION SPEARMAN, | FINDINGS & RECOMMENDATIONS |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on petitioner's motion for relief from judgment.

I. Background

This action commenced on July 3, 2013. On November 12, 2013, petitioner filed a first amended petition for writ of habeas corpus. ("FAP," ECF No. 13.) On November 19, 2013, the undersigned issued an order directing service of the FAP on respondent. (ECF No. 14.) On January 21, 2014, respondent moved to dismiss the FAP on the grounds that petitioner (i) had initiated the action beyond the one-year statute of limitations provided for under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and (ii) was entitled to neither statutory nor equitable tolling of the limitations period. (ECF No. 18.) Petitioner filed an opposition to the motion, and respondent filed a reply. (ECF Nos. 20, 21.) On March 12, 2014, the undersigned

issued findings and recommendations recommending that the motion to dismiss be granted. (ECF No. 24.)

A summary of the undersigned's reasons for issuing the findings and recommendations will prove helpful to understanding the analysis of petitioner's motion that follows. On September 21, 2011, the California Supreme Court denied petitioner's petition for review on direct appeal of an order. (ECF No. 24 at 3.) On February 10, 2012, petitioner's state court judgment became final, when the Sacramento County Superior Court issued an amended abstract of judgment. (Id. at 3.) Accordingly, per AEDPA, absent statutory or equitable tolling, petitioner's last day for commencing a federal habeas action was February 10, 2013. (Id. at 4.) However, petitioner filed his federal habeas petition more than four months later, on June 28, 2013. (Id.)

Petitioner argued for equitable tolling on the grounds that his appellate counsel, Scott Concklin, failed to timely notify him of the California Supreme Court's denial of his petition for review; petitioner claimed that his mother made numerous efforts to reach Mr. Concklin, but only learned of the denial on June 8, 2013, a fact which she subsequently communicated to petitioner. (Id. at 6.) These facts were found not to constitute "extraordinary circumstances" justifying equitable tolling because, while prison mail logs appeared to confirm that Mr. Concklin did not communicate with petitioner during the pertinent period, those same logs revealed that petitioner *had* timely received mail from the California appellate courts and from his trial counsel. (Id. at 9.) The undersigned inferred that the latter communications concerned the status of petitioner's case on appeal, and concluded that they were sufficient to put petitioner on notice of the relevant deadlines. (Id. at 10.) As set forth in the findings and recommendations:

> Petitioner's alleged diligence after contacting Mr. Concklin, in speedily preparing his federal habeas petition from June 8, 2013, to July 3, 2013, is less relevant than his diligence between July 19, 2011 (when the petition for review was filed), and February 10, 2013 (expiration of the statute of limitations). "To determine if a petitioner has been diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances." Doe v. Busby, [66 F.3d 1001, 1013 (9th Cir. 2011)] (citations omitted.) "[W]here attorney misconduct is the claimed circumstance causing the untimeliness, courts consider, inter alia . . . whether the petitioner had the means to

2

> consult alternate counsel." Id. (citing Baldayaque, [338 F.3d 145, 153 (2nd Cir. 2003)]. Because petitioner was receiving regular service of superior court filings from his trial counsel, whom petitioner could have consulted as to their significance, petitioner's apparent failure to do so demonstrates a lack of due diligence. For these several reasons, the court finds that petitioner has failed to meet his burden of demonstrating that an extraordinary circumstance prevented the timely filing of the instant action.
>
> Discerning no extraordinary circumstance warranting equitable tolling, nor due diligence by petitioner, the court finds that petitioner's commencement of this action after expiration of AEDPA's one-year statute of limitations requires dismissal.

(ECF No. 24 at 11.)

On July 24, 2014, the Hon. John A. Mendez issued an order (i) adopting the findings and recommendations in their entirety, (ii) declining to issue a certificate of appealability, and (iii) dismissing the case. (ECF No. 34.)

On December 22, 2014, petitioner filed the pending motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), subsections (1) and (6).[1] (ECF No. 36.) On February 17, 2015, respondent filed an opposition to the motion, and on March 23, 2015, petitioner filed a reply thereto. (ECF No. 40, 41.) On April 1, 2015, petitioner filed a motion to amend his reply, to which respondent has not filed a response. (ECF No. 42.)

II. Motion to Amend Petitioner's Reply Brief

Before turning to the substance of petitioner's motion for relief from judgment, the court must consider whether to grant petitioner's request to amend his reply. The proposed amended reply appears to reproduce verbatim the arguments raised in the originally-filed reply; the proposed amendments merely add paragraph-long legal standards, drafted by petitioner, for statutory tolling (ECF No. 42 at 2) and equitable tolling (Id. at 3) of the AEDPA statute of limitations. There is no substantive difference in the content of the arguments raised in the originally-filed reply and the proposed amended reply; accordingly, the proposed amendments

---

[1] On December 29, 2014, petitioner filed another motion for relief from judgment that appears to be a xerox copy of the one considered herein, except that it includes a proof of service appended as the last page. (ECF No. 37.) As the two motions are identical, the court has only considered the one that was earlier-filed.

have no effect on the court's analysis herein.  Moreover, respondent has not filed an opposition to petitioner's motion to amend the reply.  Therefore, the court grants the motion to amend and treats the proposed amended reply as if it were the originally-filed reply.

III. Standard

Federal Rule of Civil Procedure 60(b)[2] provides:

> (b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (footnote and citations omitted).

Motions seeking relief from judgment "are addressed to the sound discretion of the district court . . . ." Casey v. Albertson's Inc., 362 F.3d 1254, 1257 (9th Cir. 2004).  A motion under Rule 60(b) must be made within a reasonable time and, with respect to subsections (1), (2) and (3) set forth above, not more than a year after the entry of judgment or order from which relief is

---

[2] Hereinafter, the term "Rule" refers to the applicable Federal Rule of Civil Procedure.

4

being sought. Fed. R. Civ. P. 60(c).[3]

A party seeking relief from judgment has the burden of demonstrating such relief is appropriate. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691 (9th Cir. 2001), overruled in part on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001). In determining whether relief from judgment is appropriate, a court must balance the interest of litigants and courts in the finality of judgment with the overriding judicial goal of deciding a case on the basis of its legal and factual merits. Id.

IV. Analysis

A. Which provision of Federal Rule of Civil Procedure 60(b) governs the motion?

Petitioner seeks relief from judgment under Rule 60(b), subsections (1) and (6). The former provides relief based on "mistake, inadvertence, surprise, or excusable neglect." Fed R. Civ. P. 60(b)(1). The latter, which serves as a catch-all, provides relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Respondent contends that "[i]f a specific provision of Rule 60 addresses the reasons articulated for the motion, that provision governs and the catchall cannot be used . . . . Here, the ground for relief is properly categorized as mistake under Rule 60(b)(1), and Rule 60(b)(1) and 60(b)(6) are mutually exclusive." (Opposition, ECF No. 40 at 5.) Respondent is correct. The Supreme Court has made clear that a motion for relief from judgment under Rule 60(b)(6) may "not [be] premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988). See also Klapprott v. United States, 335 U.S. 601, 613 (1949) ("[O]f course, the one year limitation [applicable to subsection (b)(1)] would control if no more than 'neglect' was disclosed by the petition. In that event the petitioner could not avail himself of the broad 'any other reason' clause of 60(b)[(6)]."); Lyon v. Agusta S.P.A., 252 F.3d 1078, 1088-89 (9th Cir. 2001) ("The long-standing rule in this circuit is that 'clause (6) and the preceding clauses are mutually exclusive; a motion brought under clause (6) must be for some reason other than the five reasons preceding it under the rule.'") (citing United States v. Alpine Land & Reservoir Co., 984 F.2d

---

[3] Petitioner's motion, which is based in part on Rule 60(b)(1), was filed within one year from the entry of judgment in this case and is therefore timely.

1047, 1049-50 (9th Cir. 1989).

As petitioner's grounds for seeking relief from judgment appear to sound in mistake or excusable neglect, petitioner's motion will be considered solely under Rule 60(b)(1).

B. <u>Is petitioner entitled to relief from judgment?</u>

Petitioner argues for relief on the grounds that he only belatedly discovered that the AEDPA statute of limitations could be equitably tolled. Petitioner writes:

> Petitioner then began researching an [certificate of appealability] to file in the 9th Cir. At that time is when another inmate began assisting petitioner in understanding the legal process. During conversation between petitioner and said inmate, it was brought to petitioner's attention that he should have argued equitable tolling for the period in which the AEDPA's time limit began and he had not received his paperwork, to when he had received his legal material to began preparing a proper and thorough writ of appeal (Between Sept. 23, 2011 and Apr. 18, 2012) Petitioner began researching the motion now before the court.

(Motion, ECF No. 36 at 3-4).

Petitioner further elaborates:

> The inmate whom offered assistance did not arrive at C.T.F. until June 4, 2014. This court denied petitioner's claim on July 24, 2014. Petitioner was not seeking assistance. It so happened that in route to the law library, the topic of what/why petitioner was going was broached, and said inmate offered and assisted petitioner. Therefore, petitioner could not bring new claim sooner.

(Reply, ECF No. 42 at 4-5.)

Petitioner seeks to equitably toll the date on which the one-year statute of limitations began to run until April 18, 2012. (Motion, ECF No. 36 at 2, 4.)

Ordinarily, determining whether relief under Rule 60(b)(1) is warranted requires the court to examine four factors: "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." <u>Bateman v. U.S. Postal Serv.</u>, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993)). The Ninth Circuit has recognized that, while a pro se litigant's negligence "do[es] not

6

usually constitute 'excusable neglect' . . . that possibility is by no means foreclosed." Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) (internal quotation from Pioneer, 507 U.S. at 392, omitted).

In this case, however, the court need not reach the analysis prescribed under Rule 60(b)(1) because, even if the court were to first grant petitioner's motion for relief from judgment, and next find that the commencement of the one-year statute of limitations should be equitably tolled, petitioner's petition for writ of habeas corpus would still be time-barred. Petitioner states that he "received his legal documents/files on Apr. 18, 2012 [and] began preparing his writ of habeas corpus, which he filed on Jul. 3, 2013 . . . ." (Motion, ECF No. 36 at 2.) In other words, by his own admission, petitioner took more than one year after he received his file from Mr. Concklin to file his initial federal petition. Nowhere in his moving papers does petitioner provide a reason for the court to equitably toll the applicable statute of limitations beyond April 18, 2012.

It appears that, even if the court were to grant petitioner relief from judgment under Rule 60(b)(1), petitioner would still run afoul of the statute of limitations under 28 U.S.C. § 2244(d). Therefore, the undersigned recommends that the motion be denied as futile.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to amend his reply to respondent's opposition (ECF No. 42) is granted.

IT IS HEREBY RECOMMENDED that petitioner's motion for relief from judgment (ECF No. 36) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 28, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/jone1379.relief